## EXPENDITURES IN CONNECTION WITH CONTAGIOUS DISEASES.

Common Pleas Court of Licking County.

WILLIAM H. KNAUSS V. CHARLES BADER ET AL, TOWNSHIP TRUSTEES.

Decided, January Term, 1911.

*Township Trustees—Act as a Board of Health, When—Responsibility of, for Provision for Infectious Diseases—Sections 3391 and 5660.*

In arranging for the care of persons suffering from a contagious disease, township trustees act as a board of health, and they are liable officially for indebtedness so incurred notwithstanding failure on the part of the clerk of the township to certify that funds sufficient to meet the proposed expenditure are in the treasury and unappropriated.

*Fitzgibbon & Montgomery*, for plaintiff.
*Kibler & Kibler*, contra.

SEWARD J. (orally).

This is a suit brought to recover for services rendered by Dr. Knauss against the trustees of Licking township for taking care of small-pox patients. He alleges that he made a contract with the trustees for which he rendered the services, and that the trustees refused to pay him for the services. A demurrer is interposed to the petition. The demurrer raises the question as to whether it is necessary in this kind of a case for the clerk of the township to certify that the funds are in the treasury for the payment of the obligation that is about to be incurred by the township trustees. If this is a contract which comes within the purview of the general provision of the statute governing the liability of the township trustees, that would be so. If it is not, it would not be so. The question is as to whether the township trustees are liable on this contract there having been no certificate filed that the funds for the payment of the obligation were in the township treasury.

I think it sufficiently appears from this petition that the township trustees were not acting as a board of township trustees, but

as a board of health, and that therefore Section 5660 does not apply. Let me refer to Section 3391 of the General Code:

"In each township the trustees thereof shall constitute a board of health, which shall be for the township outside the limits of any municipality. Each year they shall elect one of their number president and the township clerk shall be clerk of the board of health. They shall appoint a health officer and may appoint as many sanitary officers as they deem necessary to carry out the provisions of this chapter and they shall define the duties and fix the compensation of such appointees who shall serve during the pleasure of the board. Such board of health shall meet annually and at such other times as it deems necessary."

Section 3392 of the General Code reads:

"The township board of health may make such orders and regulations as it deems necessary for its own government, for the public health, the prevention or restriction of disease, and the prevention, abatement, or suppression of all nuisances."

I think this section gives the township trustees the right to act as a board of health, and to make such orders as they deem necessary under such circumstances as will protect the people from the spread of infectious and contagious diseases.

This petition alleges that these were smallpox cases, which the doctor was employed to look after. I think the decision in the 2 Circuit Court Reports, New Series, at page 167, controls in this matter. The court referred to that decision a few days ago in announcing an opinion in another case. I do not think it is necessary that this certificate should be filed, to make the trustees, or the trustees acting as a board of health, liable in this kind of a case. I think it their duty to protect the people from contagious diseases.

The demurrer will be overruled and exceptions.

By Edward Kibler: I think there is another matter which the court did not pass upon, that is, that it does not appear by any allegation of the petition, that there was any session held.

The Court: I do not think it would be necessary in a case of that kind.